IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY _____ _____ D.C.

05 NOV 29  AM 6: 46

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

| | | |
|---|---|---|
| ROBERT C. GILL, WALTER NORRIS, and CHRISTOPHER LEE<br>      Plaintiffs, | ) ) ) ) | |
| v. | ) ) | No. 05-2265-DP |
| W.W. HERENTON, in his official capacity as Mayor of the City of Memphis; CITY OF MEMPHIS, a municipal corporation; LARRY A. GODWIN, individually and in his official capacity as Director of Police Services for the City of Memphis<br>      Defendants. | ) ) ) ) ) ) ) ) ) | |

---

## ORDER GRANTING DEFENDANT GODWIN'S MOTION TO DISMISS

---

On April 8, 2005, Plaintiffs Robert C. Gill, Walter Norris, and Christopher Lee (collectively, "Plaintiffs") filed a complaint alleging, *inter alia*, age discrimination and violations of Plaintiffs' right to Due Process and Equal Protection under the Fifth and Fourteenth Amendments. On May 3, 2005, Defendant Director of Police Services Larry A. Godwin ("Defendant" or "Godwin") filed the instant motion (dkt. #7) to dismiss Plaintiffs' claims against him in his individual capacity pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendant argues that Plaintiffs fail to state a claim for which relief can be granted because Defendant is entitled to qualified immunity in his individual capacity. For the following reasons, the Court grants Defendant's motion.

## I. FACTUAL BACKGROUND[1]

---

[1]The facts are taken from the Complaint and a Shelby County Chancery Court proceeding for a preliminary injunction brought by Plaintiffs. Transcript, <u>Gillespie et. al. v. City of Memphis et. al.</u>, Case No.'s CH-00–887-2, CH-05-0421-3 (Shelby County Ch. Ct. Mar. 7,

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on 11-29-05



Plaintiffs brought suit for injunctive relief in the Chancery Court of Shelby County to prevent the City of Memphis from reverting to a purely merit based promotional system for police officers. The Chancellor denied the injunction holding that there was not a likelihood of success on the merits based on Tennessee Court of Appeals precedent. Prior case law allowed the City, under the direction of Defendant, to reinterpret Section 67 of the City of Memphis charter on February 18, 2005, which states:

> Any fireman or police man, who shall have served the City of Memphis for a period of thirty (30) years, either continuously or intermittently, shall, at the expiration of said thirty years, automatically be promoted to the rank of captain of the fire division or captain of the police division, with all the salary, emoluments and other privileges of said rank; and, upon the retirement of such fireman or policeman, he shall receive a pension as captain.

Dunlap v. City of Memphis, 2004 WL 2599752 * 1 (Tenn. Ct. App. 2004) (citing, The City of Memphis Charter, Section 67). Prior to 2005, Section 67 in practice granted an automatic promotion to the rank of captain for police officers serving the police department for more than thirty years. After the reinterpretation, the City of Memphis interpreted Section 67 as conferring only a retirement benefit. As a result, active officers with more than thirty years of service can only obtain promotion to captain through the merit based system, which consists of testing and evaluations.

Plaintiffs are employees of the City of Memphis who have been employed by the police department more than thirty years. Each Plaintiff is over the age of fifty.[2] Plaintiffs allege that the

---

2005)(hearing denying injunction)("Mar. 7, 2005 Ch. Ct. Trans."or "Gillespie"). The parties litigated the same set of facts and legal issues similar to those in the instant case. In light of this earlier state court proceeding, the merits of Plaintiffs' age discrimination, due process and equal protection are discussed in this Court's Order Granting Defendant's Motion for Summary Judgment, filed on the same date of the instant order.

[2]Plaintiffs file on behalf of and hope to represent ninety similarly situated employees. No class has been certified as of the date this order was filed.

denial of the automatic promotion to captain has, in effect, demoted them and relegated them to undesirable shifts and positions.

## II. LEGAL STANDARD

A party may bring a motion to dismiss for failure to state a claim under Rule 12(b)(6). This motion only tests whether the plaintiff has pleaded a cognizable claim. Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir. 1988). Essentially, it allows the court to dismiss meritless cases which would otherwise waste judicial resources and result in unnecessary discovery. See, e.g., Nietzke v. Williams, 490 U.S. 319, 326-27 (1989).

To determine whether a motion to dismiss should be granted, the court must first examine the complaint. The complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The complaint must provide the defendant with "fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley, 355 U.S. at 47; Westlake, 537 F.2d at 858. The plaintiff has an obligation to allege the essential material facts of the case. Scheid, 859 F.2d at 436-37.

In reviewing the complaint, the court must accept as true all factual allegations in the complaint and construe them in the light most favorable to the plaintiff. Windsor v. The Tennessean, 719 F.2d 155, 158 (6th Cir. 1983). Indeed, the facts as alleged by the plaintiff cannot be disbelieved by the court. Nietzke, 490 U.S. at 327; Murphy v. Sofamor Danek Group, Inc., 123 F.3d 394, 400 (6th Cir. 1997). Where there are conflicting interpretations of the facts, they must be construed in the plaintiff's favor. Sinay v. Lamson & Sessions Co., 948 F.2d 1037, 1039-40 (6th Cir. 1991). However, legal conclusions or unwarranted factual inferences should not be accepted as true. Lewis,135 F.3d at 405-06.

3

## III. ANALYSIS

Defendant argues that when he reinterpreted Section 67, he was entitled to qualified immunity as Police Director for the City of Memphis. Government officials are shielded from liability if their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). A court must determine whether the law was clearly established at the time of the defendant's conduct and that the conduct violated the established law. Siegert v. Gilley, 500 U.S. 226, 232 (1991).

In Gillespie, the Chancery Court held in favor of the defendants and declined to grant injunctive relief to plaintiffs who were affected by the reinterpretation of Section 67.[3] Gillespie et. al. v. City of Memphis et. al., Case No.'s CH-00-887-2, CH-05-0421-3 (Shelby County Ch. Ct. Mar. 7, 2005)(hearing denying injunction)("Mar. 7, 2005 Ch. Ct. Trans."or "Gillespie"). Director Godwin was a named Defendant in this proceeding. For a court to deny a government official qualified immunity, the plaintiff must show that official violated a constitutionally protected right. Higgason v. Stephens, 288 F.3d 868, 876 (6th Cir. 2002) (quoting, Williams v. Mehra, 186 F.3d 685, 691 (6th Cir. 1999)(en banc). In Gillespie the Chancery Court reasoned that the plaintiffs argument that the City violated their rights to Due Process and Equal Protection did not have a likelihood of success on the merits due to established Tennessee court precedent. See Mar. 7, 2005 Ch. Ct. Trans. at 41.; see also Dunlap, 2004 WL 259975. In Dunlap, the Tennessee Court of Appeals held that Section 67 did not create a guarantee of employment and relegated the promotion to "essentially a retirement

---

[3]The City of Memphis filed a motion(dkt. # 4) for partial summary judgment as to Plaintiffs' Equal Protection and Due Process claims. This Court granted the City of Memphis' motion on the grounds that Plaintiffs' claims were barred by res judicata in a separate order, Order Granting Defendant's Motion for Summary Judgment, filed the same day as the instant order.

benefit." Id. * 5.  In light of the holdings in Gillespie and Dunlap, this Court finds that it was reasonable for Defendant to administer Section 67 as solely a retirement benefit.  Based on these holdings, the Court finds that Plaintiffs fail to state a claim that Defendant's individual actions arose to a deprivation of Plaintiffs' constitutional rights, and as such, relief cannot be granted.  Further the Court finds that the law was not so clearly established that Godwin's action violated the established law.  Therefore, had the matter warranted proceeding, Defendant is entitled to qualified immunity. Accordingly, Defendant's motion to dismiss Plaintiffs' claims against him in his individual capacity is GRANTED.

## IV. CONCLUSION

For the aforementioned reasons, the Court **GRANTS** Defendant's motion to dismiss.


IT IS SO ORDERED this _28_ day of _November_, 2005.

BERNICE BOUIE DONALD
UNITED STATES DISTRICT JUDGE

5

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 31 in case 2:05-CV-02265 was distributed by fax, mail, or direct printing on November 29, 2005 to the parties listed.

---

Javier M. Bailey
WALTER BAILEY & ASSOCIATES
100 North Main St.
Ste. 3002
Memphis, TN 38103

Sara L. Hall
CITY ATTORNEYS OFFICE
125 N. Main Street
Rm. 314
Memphis, TN 38103

W. Michael Richards
BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ
165 Madison Ave.
Ste. 2000
Memphis, TN 38103

David P. Knox
FORD & HARRISON, LLP- Ridge Lake Blvd.
795 Ridge Lake Blvd.
Ste. 300
Memphis, TN 38120

Louis P. Britt
FORD & HARRISON, LLP- Ridge Lake Blvd.
795 Ridge Lake Blvd.
Ste. 300
Memphis, TN 38120

Honorable Bernice Donald
US DISTRICT COURT